UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COVAN ENTERPRISES, LLC, § § § | | |
| *Plaintiff,* § § § § | Civil Action No. | 1:25-cv-00353 |
| v. § § | | |
| TESLA, INC. § § § | Jury Demanded | |
| *Defendant* § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND PETITION ON SWORN ACCOUNT**

TO THE HONORABLE JUDGE OF SAID COURT,

NOW COMES, Plaintiff, Covan Enterprises, LLC, complaining of Tesla, Inc., Defendant, and for causes of action, would respectfully demonstrate to the Court the following:

**I.
JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action or proceeding to grant relief pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to COVAN's claims and causes of action occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## II.
## PARTIES

2. Plaintiff, Covan Enterprises, LLC is an Alabama Corporation whose address is 5301 Highway 43 N, Satsuma, Alabama 36572 ("COVAN").  The sole member of COVAN is Lance Covan, a citizen of Alabama.

3. Tesla, Inc. is a Texas Corporation whose address is 1 Tesla Road, Austin, Texas 78725 ("Tesla").  Defendant's actions arise out of business conducted in the State of Texas.  The Texas Secretary of State can serve Tesla through its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.
## FACTS

4. COVAN and Tesla entered into a Master Services Agreement (the "Agreement"), attached herein as **Exhibit A**.  The Agreement provided that COVAN would provide Tesla with certain services in exchange for payment from Tesla.  Under the Agreement, COVAN would provide Tesla with Mechanical, Electrical, and Plumbing ("MEP") drops, in addition to the labor, expertise, and oversight necessary to install them as directed by Tesla (the "Work").

5. In exchange, Tesla was to pay COVAN a total of $203,869.00.  This sum was predicated on COVAN's proposal which was accepted by Tesla.  Such proposal provided that its estimated cost—which Tesla agreed to—did not include "any lost time due to plant operations, process releases, process system problems, poor coordination by others," "[o]nsight training and onboarding requirements," or changes in scope.  These exclusions are detailed in a letter from COVAN to Tesla detailing change order costs (the "Change Order"), attached herein as **Exhibit B**, and incorporated by reference.  Per COVAN's

proposal, and as accepted by Tesla, such additional costs were to be treated as change orders and managed accordingly. **Exhibit B**.

6. Per the Agreement, COVAN was required to submit invoices to Tesla on a monthly basis by electronic communications specified by Tesla. In this instance, invoices were to be submitted through an "e-invoicing channel" provided by Tesla. **Ex. A** § 4.2(a). Upon submission of an invoice, Tesla was required to remit to COVAN the amount due under the invoice in a time not to exceed sixty (60) days. **Ex. A** §4.2(b).

7. The Agreement also provided that Tesla could suspend the Work, but that COVAN could submit an invoice, within thirty (30) days after the end of the suspension, providing "a detailed claim with supporting documentation of . . ." the "reasonable and actual costs incurred [by COVAN] solely and directly as a result of the suspension[.]" **Ex. A** § 2.8.

8. Over the course of COVAN's performance of the Work, numerous delays resulted from poor coordination from Tesla, which resulted in costs totaling $90,991.00. **Exhibit B**.

9. Further, Tesla required onsite training and onboarding to enter the facility in which the Work was being conducted. Such training and onboarding constituted costs not included in COVAN's proposal and totaled $19,240.00. **Exhibit B**.

10. During the project, the Work was suspended by Tesla and COVAN was required to demobilize. Once the suspension was ended, COVAN was allowed to remobilize to the site and finish the Work. The costs of demobilization and remobilization initially totaled $39,650.00. Exhibit B. This cost increased however, when COVAN discovered that materials that had been on-site at their demobilization were missing on their return. These materials were in the possession and control of Tesla the entire duration of the

demobilization. Such materials totaled an additional $28,486.57 and these materials had to be repurchased by COVAN. **Exhibit B**.

11. Finally, Tesla changed the elevations they wanted the MEP drops to be installed at, which required additional materials and labor not included in the original bid. Such changes, and the necessary materials and labor, totaled an additional $37,289.47. **Exhibit B**.

12. Despite COVAN's timely and proper submission of invoices to Tesla, Tesla has refused to pay COVAN for the services rendered. COVAN's Conditional Waiver and Release of Progress Payments are attached herein as **Exhibit C** and incorporated by reference. Of the $203,869.00 initially stipulated to, and the additional $215,654.04 incurred as a result of change orders, Tesla has only paid $71,354.15. The Work was completed in accordance with the contract and Tesla has been utilizing the results of the Work.

## IV.
## CAUSES OF ACTION/CLAIMS FOR RELIEF

**CLAIM ONE: BREAH OF CONTRACT**

13. Plaintiff hereby alleges and incorporates by reference the facts plead above.

14. COVAN and Tesla executed a valid and enforceable written contract for the provision of specific services.

15. COVAN performed its contractual obligations under the contract or was excused from performance.

16. Defendant materially breached by refusing to pay for COVAN's services as required by the Contract.

**CLAIM TWO: QUANTUM MERUIT**

17. Plaintiff hereby alleges and incorporates by reference the facts plead above.

18. In the alternative, and without waiving the foregoing, COVAN would show that an implied contract existed and was enforceable as to the Change Order between COVAN and Defendant.

19. COVAN provided valuable services and materials to Defendant.

20. Those valuable services and materials were intended for Defendant.

21. Defendant accepted and used those services and materials.

22. Defendant was aware that delays due to poor coordination, the onboarding and training required by Tesla, demobilization and remobilization, missing/stolenmaterials required to be repurchased, and changes in scope were costs not included in the original Agreement.

23. Defendant was provided notice of COVAN's expectation to be paid for those services and materials and Defendant accepted the same.

24. Defendant did not pay COVAN for those services and materials.

**CLAIM THREE: SUIT ON SWORN ACCOUNT**

25. Plaintiff hereby alleges and incorporates by reference the facts plead above.

26. COVAN provided services to Defendant.

27. The prices charged were just and true because they were according to the terms of the contract.

28. COVAN kept a systematic record of the transaction.

29. All lawful offsets, payments, and credits have been applied to the account.

30. The account remains unpaid.

31. The damages are liquidated.

32. This complaint is filed under oath. COVAN attaches the affidavit verifying this claim as **Exhibit D** and incorporates it by reference.

## V.
## DAMAGES

1. As a direct and consequential result of Defendant's unlawful actions, COVAN has suffered damages of at least the sum of $348,168.86, plus interest.

## VI.
## ATTORNEY's FEES

2. Because of Defendant's actions, COVAN has been required to hire the undersigned attorney and law firm to represent it in this action and prosecute its' claims against Defendant. In connection there with, COVAN has agreed to pay the undersigned attorney and law firm the reasonable and necessary attorneys' fees incurred by COVAN in this lawsuit. An award of attorneys' fees would be equitable and just as authorized by §38.001 of the Texas Civil Practices and Remedies Code. Accordingly, COVAN respectfully requests and seeks herein recovery of COVAN's reasonable and necessary attorneys' fees.

## VI.
## CONDITIONS PRECEDENT

3. All conditions precedent to COVAN's claims for relief have either occurred, been performed, or have been waived.

## VIII.
## JURY DEMAND

4. COVAN demands a trial by jury.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Covan Enterprises, LLC requests that Defendant Tesla, Inc. be summoned to appear and answer, and that Plaintiff have judgment upon Plaintiff's claims and for the damages pled against the Defendant for the following:

6

    a. Breah of Contract;

    b. Quantum Meruit; and

    c. Unpaid Accounts

And for such other and further relief to which COVAN may be equitably or justly entitled.

                      Respectfully submitted,

                      **PAPPAS GRUBBS PRICE PC**

              By: _____
                      Steven O. Grubbs (LEAD COUNSEL)
                      Federal ID:  21932
                      State Bar No.  00796683
                      Two Houston Center
                      909 Fannin, Suite 2500
                      Houston, Texas 77010
                      (713) 951-1000 (Telephone)
                      (713) 951-1199 (Facsimile)
                      sgrubbs@pappasgrubbs.com

                      **ATTORNEY IN CHARGE FOR PLAINTIFF**